19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill Ray GUINN, Plaintiff-Appellant,
v.
L.A. HESSE, Superintendent of Centennial Correctional
Facility, Defendant-Appellee.
 No. 93-1195.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal is from an order of the district court dismissing plaintiff's civil rights complaint filed pursuant to 42 U.S.C.1983. Plaintiff appeals on the grounds that the district court erred in adopting the recommendations of the magistrate judge determining that plaintiff's constitutional rights had not been violated when he was placed in administrative segregation under the policies of the Colorado Department of Corrections. We affirm.
 
 
 3
 Plaintiff Guinn was an inmate at the Centennial Correctional Facility in Colorado when he was found guilty of a disciplinary violation for refusal to work. Plaintiff served 13 days of punitive segregation for the disciplinary violation which was followed by 275 days in administrative segregation. In this appeal, plaintiff raises the same issues that were alleged in his original complaint regarding the implementation of an operational memorandum promulgated by defendant Hesse, and violation of his constitutional rights to due process of law, equal protection of the law, and against cruel and unusual punishment. We agree with the determination of the magistrate judge that the operational memorandum 650-1 is the official policy of Centennial Correctional Facility and that it was properly promulgated under the relevant Colorado Department of Correction regulations. We further agree with the magistrate judge that plaintiff has alleged no violation of constitutional rights in his allegations regarding punitive segregation and administrative segregation within the correctional facility. Prison inmates have no constitutional right to remain in any particular facility or classification, and placement and classification decisions are entrusted to prison administrators. Hewitt v. Helms, 459 U.S. 460 (1983). Plaintiff has provided no facts to support his equal protection allegations. Construing the complaint and the pro se brief on appeal liberally, as we must, plaintiff also makes claims that his administrative segregation placement constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. In order to support such a claim, plaintiff must allege that the defendants acted with deliberate indifference to plaintiff's serious needs. Wilson v. Seiter, 111 S.Ct. 2321 (1991). Plaintiff's allegations related to his administrative segregation do not constitute a showing of deliberate indifference on the part of the officials in this correctional facility. We AFFIRM for substantially the reasons stated by the magistrate judge and adopted by the district court. The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470